**In the Matter of David K. GALLOWAY, Sr.**

No. 64S00–9908–DI–428.

Supreme Court of Indiana.

June 9, 2000.

David K. Galloway, Sr., pro se.

Donald R. Lundberg, Executive Secretary, Dennis K. McKinney, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

The respondent, David K. Galloway, Sr., admits that he neglected the legal affairs of clients and that he failed to abide by a federal court order, an act which resulted in his being held in contempt of court. He also agrees that those acts violate the *Rules of Professional Conduct for Attorneys at Law.*

This attorney disciplinary matter is now before us for approval of a *Statement of Circumstances and Conditional Agreement for Discipline* presented to us by the respondent and the Disciplinary Commission in resolution of this matter, pursuant to Ind. Admission and Discipline Rule 23, Section 11(c). The parties' agreement calls for the respondent's suspension from the practice of law for a period of three years, without automatic reinstatement. The respondent's admission to the bar of this state on June 1, 1984, confers jurisdiction on this Court.

As to each count, the parties have stipulated to the following facts:

### Count I

In July 1992, a client, serving as executrix of her grandmother's estate, hired the respondent to handle the estate proceedings. The estate was relatively small, consisting of a checking account, a savings account, a certificate of deposit, a mutual fund, and Northern Indiana Public Service Company stock. The respondent opened the estate on August 28, 1992. The client asked the respondent to file a qualified disclaimer on the checking and savings accounts and the mutual fund because her name was on those accounts, but she wanted the money to go into the estate. During the next several months, the client attempted to contact the respondent

regarding the disclaimer form, but he never returned her calls.

In January 1993, the respondent advised the client that the necessary documents would be ready for her signature in one week. However, the respondent did not thereafter contact the client, and she again tried to telephone him without success. Finally, in May 1993, the respondent met with the client and presented to her documents which she signed. Among the documents was the disclaimer form. The respondent advised the client that she would receive copies of the documents in one week. Again, contrary to his assertions, the respondent did not perform. In July 1993, upon contacting the court, the client learned that the only documents on file in her grandmother's estate were those opening the estate in August 1992. Further, the court advised her that it was by then too late to file any disclaimer.

On August 4, 1993, the client advised the respondent that she was terminating the representation and she retained another attorney to close the estate.

Indiana Professional Conduct Rule 1.3 requires lawyers to act with reasonable diligence and promptness while representing clients. The respondent's failure to file with the court the disclaimer before the filing expiration violated the rule.

The respondent's failure to respond to the client's repeated telephone calls or provide her with information in response to her numerous requests for information about the estate matter violated Ind.Professional Conduct Rule 1.4(a), which requires lawyers to keep clients reasonably informed about the status of matters and promptly comply with reasonable requests for information.

## Count II

From 1990 through 1996, the respondent was a partner in the law firm of *Galloway and Jackson*. In July 1991, an attorney associated with the respondent in the law firm filed suit for back wages on behalf of a client against the client's former employer. On June 1, 1995, the suit was dismissed for lack of prosecution pursuant to Ind.Trial Rule 41(E). The law firm did not notify the client that his claim had been dismissed.

■ Professional Conduct Rule 5.1(c)(2) provides that a lawyer is responsible for another lawyer's violation of the *Rules of Professional Conduct* if the lawyer is a partner in the law firm in which the other lawyer practices (or has direct supervisory authority over the other lawyer) and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action. *Galloway and Jackson* lawyers failed diligently to prosecute the client's claim for back wages in violation of Prof. Cond.R. 1.3. By thereafter failing to advise the client that his lawsuit had been dismissed, the firm violated Prof.Cond.R. 1.4(a). While a partner at the law firm of *Galloway and Jackson*, the respondent was responsible for violations of the *Rules of Professional Conduct* committed by other lawyers in the firm to the extent that the respondent knew of the conduct when its consequences could have been mitigated or avoided.[1]

## Count III

The respondent filed a personal injury action on behalf of a client in the Porter Superior Court in March 1992. The respondent also represented the client in a bankruptcy proceeding, but did not include the personal injury action as an asset on the bankruptcy asset schedules. In No-

---

**1.** The agreed facts do not expressly establish that the respondent knew that the wage case was languishing before the T.R. 41(E) motion was granted or that the client had not been notified of the case's dismissal, but we none-

theless find a violation of the *Rules of Professional Conduct* pursuant to Prof.Cond.R. 5.1(c)(2) because of the respondent's agreement that such a violation occurred.

vember 1993, after the bankruptcy court learned of the client's personal injury action, the court ordered the respondent to turn over the client's personal injury file to the trustee handling the client's bankruptcy. Despite the order, the respondent did not turn over to the trustee the personal injury file. On April 5, 1999, the respondent pled guilty to criminal contempt of the bankruptcy court, based on his failure to relinquish the file as ordered. His actions also constituted a violation of federal law.[2]

Professional Conduct Rule 3.4(c) provides that a lawyer shall not knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists. The respondent violated Prof. Cond.R. 3.4(c) by failing to obey the bankruptcy court's order that he turn over to the trustee the client's bankruptcy file. By later being found in contempt of court for that failure, as well as violating federal law, the respondent violated Prof.Cond.R. 8.4(c) by committing a criminal act which reflects adversely on his honesty, trustworthiness, and fitness as a lawyer in other respects.

Having found the respondent guilty of professional misconduct, we must consider the appropriateness of the agreed sanction, and in so doing we examine the nature of the misconduct. The respondent's refusal to obey the bankruptcy court's order, to the point of being found in contempt of court, brings with it strong negative implications on the respondent's fitness as an attorney. His acts frustrated the efficient operation of the court while they tended to hinder and delay favorable resolution of his client's legal issues. His failure to protect the interests of clients was also evident in his neglect of the legal matters which they had entrusted to him. In past instances of multiple client neglect and contempt of court, we have found that a three-year suspension from the practice of law was

appropriate. *Matter of Drozda*, 653 N.E.2d 991 (Ind.1995), *Matter of Jarrett*, 602 N.E.2d 131 (Ind.1992). In light the above considerations and the fact that this is an agreed resolution, we accept the imposition of the three-year suspension for the respondent's misconduct.

It is, therefore, ordered that the respondent, David K. Galloway, Sr., is hereby suspended from the practice of law for a period of not fewer than three (3) years, beginning July 14, 2000. At the conclusion of that period, he may petition this Court for readmission to the bar of this state, provided he can satisfy the conditions set forth in Admis.Disc.R. 23(4).

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerks of the United States Bankruptcy Courts in this state with the last known address of respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.

DICKSON, J., dissents, believing the agreed sanction is excessive.

---

**2.** *See* 18 U.S.C. 152(9).